UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JOEL V. LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH DIAZ,<br><br>    Defendant. | Case No. 20-cv-00572-RMI<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Monterey County, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has filed a motion to proceed in forma pauperis and consented to the jurisdiction of a Magistrate Judge. (Dkts. 2, 5).

**DISCUSSION**

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

//

**Legal Claims**

Petitioner was convicted and sentenced in March 2014 and did not file an appeal. Pet. at 14. On October 11, 2017, the California Governor approved Senate Bill 620 which amended Penal Code section 12022.53 and allowed trial courts at the time of sentencing to strike or dismiss a firearms enhancement. *Id*. The law became effective on January 1, 2018. *Id*. Petitioner sought, in state court, to have his sentence reduced pursuant to Senate Bill 620. *Id*. at 2-3. The state courts denied relief. *Id*. Petitioner then filed this federal petition arguing that his Equal Protection rights under the Fourteenth Amendment were violated. *Id*. at 7-11.

The state court denied relief noting that penal statutes are only retroactive to cases that have not reached final judgement and Petitioner's case reached final judgment several years before Senate Bill 620 was enacted. *Id*. at 14. The state court also cited to numerous cases in support of the notion that California courts have repeatedly held the refusal to apply a statute retroactively does not violate the Fourteenth Amendment. *Id*. at 15.

Petitioner seeks federal habeas relief claiming he is entitled to a modified sentence pursuant to Senate Bill 620 and the denial of the resentencing violates the Fourteenth Amendment. This claim only involves the application of state sentencing laws and does not give rise to a federal question cognizable on federal habeas review. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). The fact that Petitioner characterizes this claim as a violation of his federal constitutional rights, without more, is not sufficient. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (finding that a litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process").

This court is bound by the state court's interpretation of state sentencing laws. While Petitioner argues his federal Equal Protection rights have been violated, that claim is based on state sentencing laws which is insufficient to present a viable federal claim. Other district courts have reached the same conclusion and found that a state court's alleged misapplication of Senate Bill 620 does not present a federal habeas claim. *See*, *e.g.*, *Maldonado v. Koenig*, No. 1:19-cv-01008-SKO (HC), 2019 WL 3530316, at *2 (E.D. Cal. Aug. 2, 2019) (concluding that a challenge

to a state court's application of SB 620 does not present a cognizable federal habeas claim); *Anderson v. Pfeiffer*, No. 2:18-CV-1749-KJM-DMC-P, 2019 WL 2026509, at *3 (E.D. Cal. May 8, 2019) (same); *Williams v. Diaz*, 1:18-cv-01728-SKO (HC), 2019 WL 399223, at *1-2 (E.D. Cal. Jan. 30, 2019) (same). This petition is dismissed, and Petitioner will be provided one opportunity to amend these deficiencies.

## CONCLUSION

The motion to proceed in forma pauperis (dkt. 2) is **GRANTED**. The petition is **DISMISSED** with leave to amend. The amended petition must be filed within **twenty-eight days** of service of this order, and carry the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of the petition.

Additionally, Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: March 30, 2020

ROBERT M. ILLMAN
United States Magistrate Judge